# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEE ROY J. STANSBERRY,

          Plaintiff,

          v.

ENTRY Federal Supreme Court, *et al.*,

          Defendants.

Case No. 3:22-cv-00278-JMK

## ORDER OF DISMISSAL FOR DEFICIENT FILING

On December 13, 2022, Lee Roy J. Stansberry, a self-represented prisoner, filed a Complaint titled "Contempt of U.S. Marshals Hate Mail Crimes to Undermining Black Prisoner."[1] The Court sent a Notice of Electronic Filing ("NEF") confirming receipt of the filing to Mr. Stansberry, which was returned as undeliverable.[2] A notation on the returned envelope indicates Mr. Stansberry refused to accept the mail.[3]

In order to properly commence a civil action, a litigant must either pay the filing fee of $402.00 or file an application to waive prepayment of the filing fee.[4] Prisoner litigants requesting to waive prepayment of the filing fee must include a

---

[1] Docket 1.

[2] Docket 2.

[3] *Id.*

[4] Local Civil Rule 3.1(c).

statement from their prison trust account for the past six months.[5] Mr. Stansberry has not paid the filing fee or filed the application to waive prepayment of the fee. Accordingly, this civil action is deficient.

The Court takes Judicial Notice[6] that Mr. Stansberry recently has filed five other cases with this Court that also have not included the filing fee or an application to waive prepayment of the filing fee.[7] The Orders notifying Mr. Stansberry the filings were deficient all have been returned to the Court as undeliverable mail. In the interests of judicial economy, the Court must dismiss this case without leave to amend, but without prejudice should Mr. Stansberry wish to refile a proper Complaint.

---

[5] Local Civil Rule 3.1(c)(3).

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[7] See Stansberry v. Enter State of Alaska Govs Dunleavy, Case No. 3:22-cv-214-SLG, Docket 2 (Returned/Undeliverable Mail 10/14/2022), Docket 3 (Deficient Filing Order dated 10/17/2022), Docket 4 (Returned/Undeliverable Mail 11/01/2022); Stansberry v. Entry U.S. District Court, Case No. 3:22-cv-00223-JMK, Docket 2 (Returned/Undeliverable Mail 10/24/2022), Docket 3 (Deficient Filing Order dated 11/02/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); Stansberry v. Entry U.S. District Court, Case No. 3:22-cv-00231-JMK, Docket 2 (Deficient Filing Order dated 11/02/2022), Docket 3 (Returned/Undeliverable Mail 11/15/2022); Stansberry v. Enter Alaska Dept of Revenue, Case No. 3:22-cv-211-RRB; Docket 2 (Returned/Undeliverable Mail 10/17/2022), Docket 3 (Deficient Filing Order dated 11/03/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); Stansberry v. Entry U.S. District Court Magistrate Judge John D. Roberts, 3:22-cv-00257-SLG, Docket 2 (NEF Returned/Undeliverable); Docket 3 (Dismissal for Deficient Filing 12/15/2022).

Case No. 3:22-cv-00278-JMK, Stansberry v. Entry Federal Supreme Court
Order of Dismissal for Deficient Filing
Page 2 of 3
Case 3:22-cv-00278-JMK   Document 3   Filed 01/03/23   Page 2 of 3

In light of the foregoing, IT IS ORDERED that the filing at Docket 1 is DISMISSED without prejudice.  The Clerk of Court is directed to enter a judgment accordingly.

DATED this 3rd day of January, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00278-JMK, *Stansberry v. Entry Federal Supreme Court*
Order of Dismissal for Deficient Filing
Page 3 of 3

Case 3:22-cv-00278-JMK   Document 3   Filed 01/03/23   Page 3 of 3